[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
CT Page 15569
This matter comes before the court pursuant to the plaintiff husband ("husband") Motion to Modify dated July 11, 2000 (#212) and the defendant wife ("wife") Amended Motion for Contempt dated October 17, 2000 (#213). There are two minor children issue of the marriage, ages 7 and 11. The husband seeks to modify the unallocated alimony and child support order, the orders with regard to medical insurance and the maintenance of life insurance and the payment of un-reimbursed medical expenses. The wife alleges that the husband is wilfully in violation of the court's order and seeks its enforcement as well as attorney's fees. The matter was heard by this court on October 30 at which time the husband testified at some length.
By way of background, the parties' marriage was dissolved by decree of this court dated March 15, 2000. A separation agreement of the same date was incorporated in the court's decree. That agreement provided among other things, that the husband would pay to the wife unallocated alimony and child support in the amount of $4000 per month. In addition, he was to pay the cost of health insurance and was obligated to maintain $100,000 life insurance per child. Un-reimbursed medical expenses would be shared 60% by the husband and 40% by the wife. At the time of the dissolution the husband was employed by Ogilvie One Group at a base salary at $175,000 per annum. According to his testimony, he lost his job on June 26, 2000 and has since been unemployed. He did receive eight weeks severance and the last payment of which, according to him, was received in late August of 2000 from the State of New York. He currently receives $405.00 per week in unemployment compensation. Despite his poor financial condition, he took the children out of state for a vacation. The husband admitted that he was behind in his unallocated alimony and child support obligation, and that he made his last payment on or about August 2, 2000. He testified at some length with regard to his efforts to obtain further employment, however, the majority of these inquiries were made through e-mails, and he had very few in person interviews. He testified that he was eligible for COBRA coverage which includes medical and dental for $690 a month, of which $400 a month is attributable to CT Page 15570 coverage for the children. He also testified that he canceled two Northwestern Mutual life insurance policies on his life, each having a face amount of $100,000, naming the children as beneficiaries per the court order. However, on cross examination, it was apparent that he had not canceled them, rather he had transferred the policies to his father. The policies had a total cash value of between $12,000 and $13,000.
At the close of the testimony and final argument, the court asked the parties to brief the issue of whether or not the court had the power to modify an order of the court with regard to the maintenance of life insurance. Memoranda of Law were provided to the court by both parties. Counsel for the wife submitted an affidavit re attorneys fees and costs.
 FINDINGS 
The Court, having heard the testimony of the plaintiff, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-82, 46b-84, 46b-86, 46b-87, and 46b-215a
of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That the husband has failed to comply with orders of this court in one or more respects, in that he has failed to pay the order of unallocated alimony and child support; in that he has failed to maintain health insurance for the minor children; and in that he has transferred the life insurance policies on his life to a third party.
 2. That as to the provisions of the court order relating to the maintenance of life insurance and health insurance for the benefit of the minor children, the husband's failure was willful and without good cause, and THEREFORE HE IS FOUND TO BE IN CONTEMPT AND SHALL HAVE TWO (2) WEEKS FROM THE DATE OF THIS MEMORANDUM OF DECISION TO PURGE HIMSELF THEREOF AS SET FORTH HEREIN, AND UPON HIS FAILURE TO DO SO WITHOUT JUST CAUSE BE SUBJECT TO FURTHER ORDER OF THIS COURT, INCLUDING THE POSSIBILITY OF HIS INCARCERATION.
 3. That there has been a substantial change of circumstances, in that the husband has been terminated from his employment effective June 26, 2000, and that said termination was involuntary.
CT Page 15571
 4. That service of the Motion for Modification was made on the wife on September 10, 2000, pursuant to Section 46b-86(a) C.G.S., and that all orders for modification and or suspension shall be retroactive to that date.
 5. That, as of September 10, 2000, there was an arrearage in the payment of unallocated alimony and child support in the amount of $6000.00, which represents one-half of the payment for un-allocated alimony and child support due August 1, 2000, as well as the payment due September 1, 2000.
6. That the husband has been less than diligent in his efforts to obtain new employment.
7. That the husband has a substantial earning capacity as demonstrated by the evidence.
 8. That the husband continues to be eligible for health insurance through his former employer through COBRA.
 9. That the orders relating to the maintenance of the life insurance policies are not in the nature of a property settlement, but rather were entered for the purpose of securing the payment of alimony and support orders, however, the court declines to modify the existing orders because it would not be in the best interest of the minor children to do so.
 10. That the wife has incurred attorneys fees in connection with this action in the amount of $4050.00 and costs in the amount of $461.00 for a total of $4511.00, that said fees and costs are reasonable, that she incurred them due solely to the plaintiff's actions, and that it would be equitable and appropriate to order the plaintiff to pay a portion of these fees and costs.
 ORDER 1.Effective October 1, 2000, the husband's obligation to pay the sum of $4000.00 per month un-allocated alimony and child support shall be suspended. Thereafter, he shall pay to the wife the sum of one CT Page 15572 dollar ($1.00) as and for periodic alimony together with the sum of $100.00 per week as and for child support until further order of court. The court finds that it is equitable and appropriate to deviate from the Child Support Guidelines in light of the husband's earning capacity and the needs of the minor children per Sections 46b-215a-3(b)(1)(B) [husband's earning capacity] and 46b-215a-3(b)(6)(B) [best interest of the minor children] of the Child Support Guidelines and Arrearage Regulations.
 2. In addition to the sums set forth above, effective as of October 1, 2000, the husband shall pay to the wife the sum of $10.00 per week as and for an arrearage payment, until such time as the arrears shall be paid in full. The husband shall be entitled to a credit against the total arrearage for any sums he has paid to the wife for child support since October 1, 2000.
 3. The husband shall, within two (2) weeks from the date of this Memorandum of Decision, restore the health insurance for minor children, and continue to maintain same at his sole cost. The court finds that it is equitable and appropriate to deviate from the Child Support Guidelines in light of the husband's earning capacity and the needs of the minor children per Sections 46b-215a-3(h)(1)(B) and 46b-215a-3(b)(6)(B) of the Child Support Guidelines and Arrearage Regulations, and that any un-reimbursed medical expenses for the minor children shall be shared 50% by the husband and 50% by the wife. The husband shall provide the wife with satisfactory proof of reinstatement of the health insurance within forty-eight (48) hours of his receipt of notification of same by the carrier.
 4. The husband shall, within two (2) weeks from the date of this Memorandum of Decision, reinstate the Northwestern Mutual life insurance policies with a face value of $100,000 each in his name and continue to maintain same for the benefit of each of the minor children, in accordance with the decree of this court dated March 15, 2000. Until the husband obtains employment, he may utilize the existing cash values to pay premiums. The husband shall provide the wife with CT Page 15573 satisfactory proof of reinstatement within forty-eight (48) hours of his receipt of notification of same.
 5. The case is set down for monitoring on March 5, 2001, at which time the husband shall present to the court evidence of his good faith efforts to obtain employment as well as any income from all sources since October 1, 2000, and at which time the court shall enter any further orders it deems appropriate. In the event that the husband shall obtain employment prior to March 5, 2001, the wife may ask the court to review the matter as soon as practicable following that event.
 6. The husband shall pay to the attorney for the defendant, the sum of $2500.00 as and for fees together with the sum of $461.00 as and for costs, for a total of $2961.00, payable as follows:
 a. $500.00 within thirty (30) days from the date of this Memorandum of Decision.
b. $250.00 per month thereafter until paid in full.
 7. The husband shall notify the wife of his obtaining employment within forty-eight (48) hours of same.
THE COURT
SHAY, J.